IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAY STEVEN HEIDE,

    **Plaintiff,**

    v.                                       CASE NO. 24-3040-JWL

KANSAS DEPARTMENT OF CORRECTIONS, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

    This pro se civil rights action under 42 U.S.C. § 1983 began when Plaintiff and state prisoner Jay Steven Heide filed the required, court-approved form complaint. (Doc. 1.) Because Plaintiff is a prisoner, the Court is required by statute to screen his amended complaint and to dismiss it or any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). The Court has conducted the required screening and concludes that this matter is subject to dismissal in its entirety. Plaintiff will be granted time to file an amended complaint that cures the deficiencies discussed in this order. If Plaintiff fails to timely file an amended complaint that does so, this action will be dismissed without further prior notice to Plaintiff.

    "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). The Court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all

1

well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

The complaint filed in this matter is nearly impossible to decipher. Although Plaintiff used the required, court-approved form, he has written on it without regard to the information it requests and at times appearing merely to list words and phrases. For example, on the second page of the complaint, where the form provides space for information about defendants, jurisdiction, and a brief statement of the background of the case, Plaintiff has written the following, filling the blank spaces between lines of the form and its margins:

> Violating International Laws U.S. treaties Acts, Torturing me in confin[e]ment blocking me from making revenue to provide for basic [hygiene], while given me $12.00 month to survive on, If in[d]igent I get 1 small bar soap for a month that don't last a week. The water here t[e]ars up skin. Abusing Patri[ot] Act. Violation of my privacy. Secure in my own home. Equal protector, Entrap[]ment to Uphold, Defend the U.S. Constit[u]tion, Protection U.S. citizens, The State steal our info give to China. Using GTL Tablets China made software to spy on us. Kidnapping, Aid [abetting] fugitives, subcontracting to for[eign] initee's compan[ies], Selling out my Birth Rights. S[e]ditious Malicious, Abuse power. D[el]iberate indiff[e]rence, Brady Violation, Ex[c]essive fines, operation a monoploly reco Act, provisions, violated my cons[t]itutional civil rights by allowing the police to Assault Batter me, Brutality, Liberty int[e]rest Liability not allowing me to exercise prevent me from attempting to seek help, appeal, not following code conduct, hate speaking, hate crime Against me, Entrap[]ment. Official Duty's, not Paying residence fair wages slavery servitude. Aband[on]ed Chattel to the State KS. Waco Texas, Rackete[e]ring Enforcement influence c[o]rrupt Org[a]nization, In knowledge of such. Fisa courts venue. Warrants. Civil rights Act, Civil War Battle Gettysburg Ad[d]ress. False Police report caused Actions *I was locked out, uncle drunk called cops* I took nothing Burglary charged, my own home[.] [*sic*]

(Doc. 1, p. 2.)

At other points in the complaint, Plaintiff generally refers to the alleged illegality of a state-court conviction that happened "years ago" in Butler County, Kansas; corruption in the Butler

County Sheriff's Department, the State's promotion of gambling, KDOC's dereliction of duty, being maced and battered in 2018 by KDOC employee Mr. Curry at Lansing Prison, unsanitary conditions, inadequate medical care, neglect, sex-offender discrimination, attempted murder by another inmate, the falsification of reports, a corrupt warden, drug use by KDOC staff, KDOC's failure to follow its policies and procedures, price fixing, market manipulation, price gouging, money embezzlement, KDOC tobacco policies, intimidation, blackmail, evidentiary illegalities, violations of the Sixth and Fourteenth Amendments, judges without licenses to practice law, the denial of access to the courts and the free exercise of religion, retaliation, COVID-19, prison food, and taxation without representation. *Id.* at 2-4.

Rule 8 of the Federal Rules of Civil Procedure[1] requires that a complaint "contain . . . a short and plain statement of the claim showing that [the plaintiff] is entitled to relief." The purpose of Rule 8 "is 'to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief.'" *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1998) (quoting *Perington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369, 1371 (10th Cir. 1979)). Even liberally construing the pro se complaint, the Court cannot determine the basis of the claims alleged therein. Additionally, the complaint would not give opposing parties fair notice of the basis of the claim or claims against them.

When a plaintiff fails to comply with Rule 8, this Court is authorized to dismiss the complaint. *See Nasious* v. *Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 n.3 (10th Cir.

---

[1] The Federal Rules of Civil Procedure apply to suits brought by prisoners. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Pro se litigants must "follow the same rules of procedure that govern other litigants." See *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel).

2007); *Chavez v. Huerfano County*, 195 Fed. Appx. 728, 730 (10th Cir. 2006) (unpublished) (affirming dismissal without prejudice for violation of Rule 8 and stating that "[i]t is not the role of the court to sort through a lengthy complaint to construct the plaintiff's case"); *Triplett v. U.S. Dept. of Defense*, 2011 WL 1113551 (D. Kan. March 24, 2011) (unpublished). Rather than immediately imposing such a harsh consequence, however, the Court will allow Plaintiff an opportunity to amend his complaint to clearly set forth the basis for his claims in this matter.

Plaintiff must utilize the required court-approved form to set forth the information requested therein. The Court requires the use of these forms so that it can readily determine the nature of a plaintiff's claims and the facts supporting each claim. Put another way, the court-approved form helps the Court to identify the particular claims by providing specific places for a plaintiff to identify each individual defendant, each count, and the facts that support each count. The Court cannot make this determination from the current complaint.

Thus, Plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. The amended complaint is not simply a supplement to the original complaint; instead it completely replaces the original complaint. Therefore, any claims or allegations not included in the amended complaint will no longer be before the Court. In other words, Plaintiff may not simply refer in the amended complaint to his earlier complaint. The amended complaint must contain all allegations and claims that Plaintiff intends to pursue in the action, including those to be retained from the original complaint.

Plaintiff must write the number of this case (24-3040-JWL) at the top of the first page of the amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). He must also refer to each defendant again in the body of the amended complaint, where Plaintiff must allege facts describing the unconstitutional acts taken by

each defendant including dates, locations, and circumstances. Although Plaintiff may attach additional pages to the form complaint if necessary, he should not use the form just to refer the Court to attached pages or to list general grievances without specific supporting facts. If Plaintiff does not file within the prescribed time an amended complaint that complies with these directions, this matter will be dismissed without further prior notice to Plaintiff.

Also before the Court is Plaintiff's motion for appointment of counsel. (Doc. 2.) There is no constitutional right to appointment of counsel in a civil case. *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

The Court has considered "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115. It concludes that (1) it is not clear at this juncture that Plaintiff will assert a colorable claim against a named defendant; (2) the issues are not yet clarified and may not be complex; and (3) plaintiff appears capable of adequately presenting facts and arguments as required for this initial screening phase of the case. Thus, the Court will deny the motion without prejudice to refiling if the material circumstances change.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **April 22, 2024,** in which to file a complete and proper amended complaint that cures the deficiencies discussed herein. If Plaintiff fails to do so in the time allotted, this matter may be dismissed without further notice to Plaintiff. The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS FURTHER ORDERED** that the motion for appointment of counsel (Doc. 2) is **denied without prejudice**.

**IT IS SO ORDERED**.

**Dated March 20, 2024, in Kansas City, Kansas.**

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE
