**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**JAY STEVEN HEIDE,**

      **Plaintiff,**

      **v.**                                      **CASE NO.  24-3040-JWL**

**KANSAS DEPARTMENT OF CORRECTIONS, et al.,**

      **Defendants.**

**MEMORANDUM AND ORDER**

This pro se civil rights action under 42 U.S.C. § 1983 began when Plaintiff and state prisoner Jay Steven Heide filed the required, court-approved form complaint. (Doc. 1.) Plaintiff neither paid the filing fee nor moved for leave to proceed in forma pauperis, which means he would be able to proceed without prepaying the filing fee. Thus, on March 19, 2024, the Court issued a Notice of Deficiency (NOD), directing Plaintiff to either pay the fee or file a motion to proceed without prepayment of fees. (Doc. 3.) The NOD advised Plaintiff that if he failed to do so within 30 days of the date of the NOD, "this action may be dismissed without further notice for failure to comply with this court order." *Id.* at 1.

In addition, because Plaintiff is a prisoner, the Court is required by statute to screen his amended complaint and to dismiss it or any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). The Court conducted the required screening and concluded that this matter is subject to dismissal in its entirety. Thus, on March 20, 2024, the Court issued a Memorandum and Order (M&O) granting Plaintiff time to file an amended complaint that cures the deficiencies discussed therein. (Doc. 4.)

This matter comes now before the Court on Plaintiff's motion for leave to proceed in forma pauperis (Doc. 5) and documents that the Court has liberally construed as a motion to supplement the complaint (Doc. 6). In response to the NOD, Plaintiff has submitted a motion to proceed without prepayment of fees. (Doc. 5.) Plaintiff has not submitted the required certified statement of his institutional accounts, *see id.* at 2, but he advises the Court that he has requested the statement from the appropriate prison official. (Doc. 5-1.). Plaintiff further explains that he has not yet received the statement in the mail and he anticipates being transferred to a new prison facility, which may affect his ability to receive the statement and submit it to this Court. *Id.*

The Court appreciates Plaintiff providing the information regarding the institutional account statement. The deadline for compliance with the NOD is April 18, 2024. If Plaintiff receives his account statement prior to that deadline, he should submit it to the Court promptly, at which point the Court will rule on the motion for leave to proceed in forma pauperis. If Plaintiff does not receive his account statement by that deadline, he may file a motion with the Court to extend the deadline in the NOD so that he may take additional steps to obtain the statement. The Court will consider any such motion for an extension of time to comply with the NOD in light of the knowledge that Plaintiff has diligently attempted to obtain the required account statement.

Plaintiff has also submitted documents that identify additional defendants and assert additional claims. (Doc. 6.) To this, he has attached a "Joint Committee on Special Claims Against the State Claim Form." (Doc. 6-1.) The Court has liberally construed these pro se filings as a motion to supplement the complaint.

As explained to Plaintiff in the M&O, the initial complaint is subject to dismissal in its entirety because it fails to comply with Rule 8. (Doc. 4, p. 2-4.) "Thus, Plaintiff must submit a complete amended complaint" that "must contain all allegations and claims that Plaintiff intends

to pursue in the action, including those to be retained from the original complaint." *Id.* at 4. In light of the M&O, the Court will deny the motion to supplement the original complaint. Plaintiff may include in the amended complaint all defendants and claims he wishes to pursue in this matter; there is no need to supplement the original complaint since the amended complaint will identify all defendants and claims Plaintiff wishes to pursue.

In light of the broad scope of Plaintiff's claims and the Defendants he has identified, the Court advises Plaintiff that the Federal Rules of Civil Procedure apply to suits brought by prisoners. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Pro se litigants such as Plaintiff must "follow the same rules of procedure that govern other litigants." See *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel). When drafting an amended complaint, Plaintiff should take special note of Federal Rules of Civil Procedure 18 and 20.

Rule 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim . . . may join . . . as many claims as it has against an opposing party." Rule 20(a)(2) governs permissive joinder of defendants and provides:

> (2) Defendants. Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted). The Court of Appeals for the Seventh Circuit has explained that under "the controlling principle" in Rule 18(a), "[u]nrelated claims against different defendants

belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In other words, under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits." *Id.*; *see also Gillon v. Federal Bureau of Prisons*, 424 F. Appx. 722, 725 (10th Cir. 2011) (unpublished) (where amended complaint combined separate and unrelated claims, many of them arising out of different alleged incidents against multiple defendants, court rejected plaintiff's argument that his claims were related because they all allege constitutional violations relating to his overarching allegation of retaliation by prison officials).

In sum, under Rule 18(a), Plaintiff may bring multiple claims against a single defendant. Under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact. He may not bring multiple claims against multiple defendants unless the prescribed connection in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action. If Plaintiff submits an amended complaint that fails to comply with these rules, improperly joined parties may be dropped and improperly joined claims may be severed from this lawsuit. *See* Fed. R. Civ. P. 21; *Nasious v. City & Cnty. of Denver Sheriff's Dept.*, 415 Fed. Appx. 877, 881 (10th Cir. 2011)

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff has until and including April 18, 2024 to submit the institutional account statement required to support his motion for leave to proceed in forma pauperis. If Plaintiff has not received the statement in time to comply with this deadline, he should file a motion for extension of that deadline and take the necessary steps to obtain the statement as soon as possible.

**IT IS FURTHER ORDERED** that the motion to supplement the complaint (Doc. 6)  is **denied**. Plaintiff may include additional defendants and/or claims in the amended complaint that is due on or before April 22, 2024, although he is cautioned to comply with the rules on joining claims and parties, as explained herein.


**IT IS SO ORDERED**.

**Dated March 25, 2024, in Kansas City, Kansas.**

<u>S/  John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**