IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAY STEVEN HEIDE,

     **Plaintiff,**

     v.                                CASE NO.  24-3040-JWL

KANSAS DEPARTMENT OF CORRECTIONS, et al.,

     **Defendants.**

## MEMORANDUM AND ORDER

This is a pro se civil rights action under 42 U.S.C. § 1983 brought by Plaintiff and state prisoner Jay Steven Heide, whose fee status is pending. It comes before the Court on Plaintiff's motions for leave to proceed in forma pauperis (Docs. 5 and 9), his amended complaint (Doc. 8), and his motion for extension of time to submit the institutional account statement (Doc. 10). For the reasons explained below, the Court will grant the motion for extension of time, defer ruling on the motions for leave to proceed in forma pauperis, and direct Plaintiff to file a second amended complaint.

### I. Background

When Plaintiff filed his initial complaint in this matter, he neither paid the filing fee nor moved for leave to proceed in forma pauperis (IFP), which—if granted—means he would be able to proceed without prepaying the filing fee. Thus, on March 19, 2024, the Court issued a Notice of Deficiency (NOD), directing Plaintiff to either pay the fee or file a motion to proceed without prepayment of fees. (Doc. 3.) The NOD advised Plaintiff that if he failed to do so within 30 days of the date of the NOD, "this action may be dismissed without further notice for failure to comply with this court order." *Id.* at 1.

In addition, because Plaintiff is a prisoner, the Court is required by statute to screen his amended complaint and to dismiss it or any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). The Court conducted the required screening and concluded that this matter is subject to dismissal in its entirety. Thus, on March 20, 2024, the Court issued a Memorandum and Order (M&O) granting Plaintiff time to file an amended complaint that cures the deficiencies discussed therein. (Doc. 4.)

Four days later, Plaintiff filed a motion for leave to proceed IFP (Doc. 5) and a motion to supplement his complaint (Doc. 6). Plaintiff did not submit the certified statement of his institutional accounts that is required to support his motion to proceed IFP, but he advised the Court that he had requested the statement from the appropriate prison official. (Doc. 5-1.) Plaintiff had not yet received the statement in the mail and he anticipated being transferred to a new prison facility, which might affect his ability to receive the statement and submit it to this Court. *Id.*

On March 25, 2024, the Court issued a second M&O explaining that Plaintiff had until April 18, 2024 to submit the account statement or move for additional time in which to do so. (Doc. 7, p. 2.) The Court also denied the motion to supplement the complaint, noting that there was no need to supplement the original complaint since the amended complaint will need to be complete in and of itself. In addition, the Court cautioned Plaintiff that he is required to comply with Federal Rules of Civil Procedure 18 and 20 when drafting his amended complaint. *Id.* at 2-3.

This matter comes now before the Court on Plaintiff's amended complaint (Doc. 8), his second motion for leave to proceed IFP (Doc. 9), and his motion for an extension of time in which to submit the account statement required to support his motion for leave to proceed IFP (Doc. 10).

**II. The Amended Complaint (Doc. 8)**

The amended complaint names as Defendants the Kansas Department of Corrections (KDOC); KDOC corrections officer Mr. Curry; KDOC inmate Leon Anthony Bartley; Centurion, the medical provider for KDOC; "Dep[artment] of Nursing Davis"; Dr. McCartney, and "HSA Jones." (Doc. 8, p. 1-2.) As Count I, Plaintiff asserts violations of the Eighth Amendment's protection against cruel and unusual punishment. *Id.* at 3. As the supporting facts for Count I, Plaintiff alleges that in 2016, Defendant Bartley hit him in the face with a brick and tried to kill Plaintiff but KDOC did not press charges or contact Plaintiff's family. *Id.* He also alleges that Defendant Curry used excessive force on Plaintiff and injured him while he was in handcuffs, macing Plaintiff and slamming Plaintiff's face into the floor six times. *Id.* at 1, 3. It is unclear exactly when this occurred, as Plaintiff identifies a timeframe "from 2016 – 2018." *Id.* at 3.

As Count II, Plaintiff alleges that additional violations of the Eighth Amendment occurred in 2023 and 2024 when he experienced unsanitary prison conditions; price fixing, market manipulation, and a monopoly on commissary items; and when he was essentially forced into slavery due to the KDOC not paying prisoner employees enough to cover the cost of basic hygiene products and stamps. *Id.* at 3. At other points in the amended complaint, Plaintiff also alleges that he has been subject to medical malpractice and medical negligence, the water available to him is "bad," the soap contains alcohol, and medical staff has retaliated against him. *Id.* at 2-3.

As Count III, Plaintiff alleges that the KDOC committed criminal negligence by placing him in general population at Lansing Correctional Facility with Defendant Bartley, who extorted and battered Plaintiff, even though it was known that Plaintiff and Defendant Bartley were not supposed to be around each other. *Id.* at 4. Plaintiff also refers briefly to guards opening the door to his cell, allowing other inmates to steal his property and money. *Id.* The Court notes that in the

jurisdiction section of the form complaint, Plaintiff refers to the Racketeer Influenced and Corrupt Organizations (RICO) Act and in the "Nature of the Case" section of the form complaint, he alleges that he has been illegally targeted and profiled, he is not receiving sufficient medical care, and he is being issued disciplinary reports based on false allegations. *Id.* at 2.

As relief, Plaintiff seeks an order directing that the Defendants be criminally charged; granting injunctive relief to protect him; and awarding $76,000.00 in punitive damages and $80,000.00 in damages from Defendant Curry. *Id.* at 5. Plaintiff also points out that he has never received restitution for the alleged battery by Defendant Bartley. *Id.* Finally, Plaintiff has attached to his amended complaint a "motion for sentence reduction under 18 U.S.C. 3582(c)(1)(A)." (Doc. 8-1, p. 2-3.)

## III. Screening Standards

Because Plaintiff is a prisoner, the Court is required by statute to screen his amended complaint and to dismiss it or any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). The Court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional

factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)(quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, at 550 U.S. at 570).

## IV. Analysis

### A. Joinder

As an initial matter, the Court notes that it received the amended complaint only one day after the second M&O was electronically docketed and placed in the mail to be delivered to Plaintiff. Thus, it is doubtful that Plaintiff received the second M&O prior to submitting his amended complaint. This timing is important because the amended complaint now before the Court fails to comply with Rules 18 and 20. In the second MOSC, the Court explained:

> [T]he Federal Rules of Civil Procedure apply to suits brought by prisoners. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Pro se litigants such as Plaintiff must "follow the same rules of procedure that govern other litigants." See *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel). When drafting an amended complaint, Plaintiff should take special note of Federal Rules of Civil Procedure 18 and 20.

Rule 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim . . . may join . . . as many claims as it has against an opposing party." Rule 20(a)(2) governs permissive joinder of defendants and provides:

(2) Defendants. Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted). The Court of Appeals for the Seventh Circuit has explained that under "the controlling principle" in Rule 18(a), "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In other words, under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits." *Id.*; *see also Gillon v. Federal Bureau of Prisons*, 424 F. Appx. 722, 725 (10th Cir. 2011) (unpublished) (where amended complaint combined separate and unrelated claims, many of them arising out of different alleged incidents against multiple defendants, court rejected plaintiff's argument that his claims were related because they all allege constitutional violations relating to his overarching allegation of retaliation by prison officials).

In sum, under Rule 18(a), Plaintiff may bring multiple claims against a single defendant. Under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact. He may not bring multiple claims against multiple defendants unless the prescribed connection in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action. If Plaintiff submits an amended complaint that fails to comply with these rules, improperly joined parties may be dropped and improperly joined claims may be severed from this lawsuit. *See* Fed. R. Civ. P. 21; *Nasious v. City & Cnty. of Denver Sheriff's Dept.*, 415 Fed. Appx. 877, 881 (10th Cir. 2011).

(Doc. 7, p. 3-4.)

The amended complaint now before the Court does not assert multiple claims that each involve all named Defendants, nor does it assert multiple claims that arise from the same occurrence and involve common questions of law and facts. For example, Count I is based upon

two separate incidents: one in 2016 when Defendant Bartley attacked Plaintiff and one in which Defendant Curry used excessive force on Plaintiff. Count II involves allegations regarding unsanitary prison conditions and price-fixing of commissary items, neither of which appear related to Defendant Bartley or Defendant Curry. Count III appears to be based on the medical care Plaintiff has or has not received, but also refers to Plaintiff's being housed with Defendant Bartley and also guards' negligence in leaving Plaintiff's cell door open. Simply put, "these are different claims against different parties that present entirely different factual and legal issues" and therefore they should not be presented in the same lawsuit. *See Zhu*, 160 F. Supp. 2d at 1225. The amended complaint appears to violate both Rule 18(a) and Rule 20(a)(2).

Because of the timing of the amended complaint, the Court will not hold Plaintiff to the requirement in the second MOSC that the amended complaint cure the joinder problems in the initial complaint. Rather, the Court will grant Plaintiff additional time in which to file a second amended complaint (1) stating only those claims that arise against a single defendant or, if he wishes to name multiple defendants, (2) stating only those claims that arise from the same transaction or occurrence and have common questions of fact or law. Put another way, Plaintiff should set forth in the second amended complaint only his facts and allegations related to properly joined defendants and occurrences. If Plaintiff fails to timely file a second amended complaint that complies with the joinder rules described herein, the Court may dismiss misjoined parties or sever misjoined claims without further prior notice to Plaintiff.

Although the lack of compliance with Rules 18 and 20 is enough by itself to require a second amended complaint, the Court will highlight other deficiencies in the complaint so that Plaintiff may avoid them when drafting his second amended complaint.

**B. Defendants**

      **i. Identification of Defendants**

Plaintiff is required to provide certain information when identifying the defendants to this case. For example, in the space on the form for Plaintiff to provide information about the first defendant, he writes "Kansas Dept. Corrections. CO Mr. Curry, Inmate Leon Anthony Bartley. #86577." (Doc. 8, p. 1.) The form instructs Plaintiff to furnish specific information for each individual Defendant, including name, citizenship, employment information, and whether the defendant was acting under the color of state law. *Id.* Plaintiff has not done so. In the second amended complaint, Plaintiff must comply with this direction and may attach additional pages.

      **ii. Defendant KDOC**

As noted above, "[t] o state a claim under § 1983, a plaintiff must . . . show that the alleged deprivation was committed by a *person* acting under color of state law." *West*, 487 U.S. at 48-49 (emphasis added). Plaintiff's claims against Defendant KDOC are subject to dismissal because the State and its agencies are not "persons" that Congress made amenable to suit for damages under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 71 (1989) ("Neither a State nor its officials acting in their official capacities are 'persons' under § 1983."). In addition, the State of Kansas and its agencies are absolutely immune from suit under the Eleventh Amendment unless the State consents to being sued or Congress exercises its constitutional authority to eliminate the State's immunity. *See Allen v.* Cooper, 589 U.S. 248, 254-55 (2020). It is well established that Congress did not withdraw the states' sovereign immunity when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 338–45 (1979); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002). Moreover, the Tenth Circuit has recognized that the Eleventh Amendment bars federal-court claims against the KDOC. *See McGee v. Corizon,* 831 Fed. Appx. 381, (10th Cir. Oct. 14, 2020)

(unpublished) ("As to the Kansas Department of Corrections, the Eleventh Amendment bars McGee's claim."). Because the KDOC is not a person suable under § 1983 and it is immune from suit in this Court, Plaintiff's claims against it are subject to dismissal.

### iii. Defendant Bartley

The claims in the amended complaint against Defendant Bartley are subject to dismissal because Plaintiff has not alleged that Defendant Bartley was "acting under color of state law," which is a "jurisdictional requisite." *See West*, 487 U.S. at 48-49. Merely private conduct does not satisfy the "under color of state law" element. *See Brentwood Academy v. Tenn. Secondary Athletic Ass'n*, 531 U.S. 288, 294-96 (2001). A defendant acts "under color of state law" when he or she "exercise[s] power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West*, 487 U.S. at 49 (citations omitted). Defendant Bartley was an inmate at the time he allegedly attacked Plaintiff and there is no allegation that supports the conclusion that he was "clothed with the authority of state law." *Id.*

In addition, it plainly appears from the face of the amended complaint that Plaintiff's claim against Defendant Bartley is subject to dismissal as barred by the applicable two-year statute of limitations. "It is well-settled . . . that 'state law determines the appropriate statute of limitations and accompanying tolling provisions' for § 1983 . . . claims." *Herrera-Zamora v. Crosby*, 769 F. Appx 670, 671 (10th Cir. 2019) (unpublished) (citing *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995)). "The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983. . . . In Kansas, that is the two-year statute of limitations in Kan. Stat. Ann. § 60–513(a)." *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted).

While state law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action." *Id.* (internal quotation marks and citation omitted). In other words, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks and citation omitted), *cert. denied* 549 U.S. 1059 (2006). A district court may dismiss a complaint filed by an indigent plaintiff if it is patently clear from the allegations as tendered that the action is barred by the statute of limitations. *Id*. at 1258–59; *see also Jones v. Bock*, 549 U.S. 199, 214 (2007).

All of Plaintiff's claims against Defendant Bartley relate to an incident that apparently occurred in 2016. (*See* Doc. 8, p. 3.) Plaintiff filed his complaint on March 18, 2024. It thus appears that any events or acts of Defendant Bartley took place more than two years prior to the filing of Plaintiff's complaint and are time-barred. *See Fratus v. Deland*, 49 F.3. 673, 674-75 (10th Cir. 1995) (holding that district court may consider affirmative defenses sua sponte when the defense is obvious from the face of the complaint and no further factual record need be developed). Plaintiff has not alleged facts in the amended complaint that suggest he is entitled to statutory or equitable tolling. Thus, the claims against Defendant Bartley are subject to dismissal.

### iv. Defendant Curry

Similarly, although it is unclear precisely when the incident occurred with Defendant Curry, it appears that the statute of limitations may have expired as to that claim as well. The amended complaint does not allege a specific date on which the excessive force occurred, but in Count I, Plaintiff alleges that he was "a victim to assault [and] battery by Mr. Curry and Mr. Bartley Leon Anthony from 2016 – 2018 at Lansing prison." (Doc. 8, p. 3 (capitalization normalized).)

Even if the incident with Defendant Curry occurred on December 31, 2018, it still took place more than two years prior to Plaintiff filing his complaint in this matter on March 18, 2024. Thus, the claims against Defendant Curry are subject to dismissal. If the Court has misunderstood the timing of the events underlying Plaintiff's claims against Defendants Bartley or Curry, Plaintiff should clarify the timeline in the second amended complaint.

### v.  Defendants Davis, McCartney, and Jones

Plaintiff's claims against Defendants Davis, McCartney, and Jones are subject to dismissal because the amended complaint does not sufficiently allege their personal participation. An essential element of a civil rights claim under § 1983 against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). "[V]icarious liability is inapplicable to . . . § 1983 suits, [so] a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

In other words, a viable § 1983 claim must establish that each defendant caused a violation of Plaintiff's constitutional rights. *See Walker v. Johiuddin*, 947 F.3d 124, 1249 (10th Cir. 2020) (quoting *Pahls v. Thomas*, 718 F.3d 1210, 1228 (10th Cir. 2013)). As a result, Plaintiff must not only name each defendant in the caption of the complaint, he must do so again in the body of the complaint and include in the body a description of the acts taken by each defendant that violated Plaintiff's federal constitutional rights. The amended complaint does not allege any actions or inaction specifically taken by Defendants Davis, McCartney, or Jones, making it "impossible for

any of these individuals" as well as the Court "to ascertain what particular unconstitutional acts" each is alleged to have committed. *See Robbins v. Okla.*, 519 F.3d 1242, 1250 (10th Cir. 2008). In short, Plaintiff fails to clearly "isolate the allegedly unconstitutional acts of each defendant." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 565, n. 10 (2007).

### vi. Defendant Centurion

Plaintiff's claims against Defendant Centurion are subject to dismissal because the amended complaint does not allege the type of facts that are necessary to hold it liable under § 1983. Like a city or municipality, a corporation may be liable under 42 U.S.C. § 1983 only when it has deprived a person of his or her constitutional rights or has caused a person to be subjected to such deprivation. *See Connick v. Thompson*, 563 U.S. 51, 60-61 (2011) (setting forth requirements for city or municipality); *Wishneski v. Andrade*, 572 Fed. Appx. 563, 567 (10th Cir. 2014) (unpublished) (citations omitted) (stating that corporation is held to same standards). Put another way, a corporation "is not directly liable for the constitutional torts of its employees." *See Finch v. Rapp*, 38 F.4th 1234, 1244 (10th Cir. 2022) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). In the context of this case, that means that Defendant Centurion is not automatically or directly liable for the alleged actions of its employees.

Corporate liability may be based on decisions made by employees with final policymaking authority that are relied upon by subordinates or by a failure to train or supervise employees that results from a deliberate indifference to the injuries caused. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 126 (1988); *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1188-89 (10th Cir. 2010). Plaintiff must identify "a [company] policy or custom—either an official rule or one so entrenched in practice as to constitute an official policy." *See Finch*, 38 F.4th at 1244. Then, Plaintiff must show that Centurion "was deliberately indifferent to constitutional violations

that were the obvious consequence of its policy," by showing that Centurion "had 'actual or constructive notice that its action or failure to act [was] substantially certain to result in a constitutional violation' and 'consciously or deliberately [chose] to disregard the risk of harm.'" *See id.* (quoting *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998)). Plaintiff also must show "that the policy directly caused his constitutional injury . . . by showing that the [company] practice was closely related to the deprivation of rights." *Id.* These are "'rigorous standards of culpability and causation.'" *Id.* at 1246 (citation omitted). Even liberally construing the amended complaint, Plaintiff has not alleged facts sufficient to state a plausible claim that Defendant Centurion is liable under § 1983. Accordingly, all claims against Defendant Centurion are subject to dismissal.

### C.  Insufficient Factual Allegations

"To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 Fed. Appx. 757, 759 (10th Cir. 2009) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). "[I]t is incumbent upon a plaintiff to 'identify *specific* actions taken by *particular* defendants' in order to make out a viable § 1983 . . . claim." *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Most of the factual allegations in the amended complaint do not include any dates, other than alleging that the incident with Defendant Bartley occurred in 2016, the incident with Defendant Curry occurred between 2016 and 2018, and the events underlying Count II occurred between 2023 and 2024. Many of the factual allegations, especially those related to Plaintiff's complaints about medical care, do not identify the individuals who allegedly violated Plaintiff's rights. For example, although Count II generally alleges "unsanitary prison conditions," the

supporting facts set forth for Count II discuss the cost of commissary items and its relation to the wages Plaintiff receives from the prison. Even liberally construing the amended complaint, it is unclear what specific actions by which named Defendants Plaintiff asserts violated his federal rights. Thus, Plaintiff has failed to allege sufficient facts to state a claim on which relief can be granted.

### D. Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Doc. 8-1, p. 2-3)

Plaintiff has included in the attachments to his amended complaint a motion addressed to this Court seeking a reduction of his sentence under 18 U.S.C. § 3582(c)(1)(A). The cited statute is a federal criminal statute and does not apply to prisoners sentenced in state courts under state law. *See Chavez v. New Mexico*, 716 Fed. Appx. 824, 826 (10th Cir. 2018) (unpublished); *Stalter v. Curry*, 2023 WL 2427979, *1 (D. N.M. Mar. 9, 2023) (unpublished) (dismissing similar motion without prejudice because "Stalter is not a federal prisoner, and this Court did not impose his sentence"). Section 3582(c)(1)(A) does not give this federal Court jurisdiction to reduce or otherwise alter Plaintiff's state-imposed sentence for violations of state law. Thus, the Court will take no action on this motion.

### V. Second Amended Complaint Required

For the reasons stated herein, it appears that this action is subject to dismissal in its entirety. Plaintiff is therefore given the opportunity to file a complete and proper second amended complaint upon court-approved forms that cures all the deficiencies discussed herein. The second amended complaint does not simply supplement earlier complaints; it completely replaces them. Therefore, any claims or allegations not included in the second amended complaint will no longer be before the Court. Plaintiff may not simply refer to an earlier pleading; the second amended complaint

must contain all allegations, claims, and exhibits that Plaintiff intends to pursue in this action, including those to be retained from the initial complaint and the amended complaint.

Plaintiff must write the number of this case (24-3040) at the top of the first page of his second amended complaint. He must name each defendant in the caption of the second amended complaint, provide the requested information about each defendant, and again refer to each defendant in the body of the second amended complaint. In each count of the second amended complaint, he must adequately identify the federal constitutional provision or law he believes was violated and he must allege sufficient facts to show that each defendant personally participated in at least one of the federal constitutional violations alleged in the second amended complaint, including dates, locations, and circumstances. Plaintiff may attach additional pages to the second amended complaint if necessary, but he should not utilize the required form only to refer the Court generally to an attached memorandum. If Plaintiff fails to timely file a second amended complaint, the Court will proceed on the amended complaint, which will be dismissed for the reasons stated herein without further prior notice to Plaintiff.

## VI. Motion for Extension of Time to Submit Institutional Account Statement (Doc. 10)

Finally, Plaintiff has submitted a second motion for leave to proceed in forma pauperis (Doc. 9) and a motion for extension of time to submit the institutional account statement required to support his request to proceed in forma pauperis (Doc. 10). The Court will defer ruling on the currently pending motions to proceed in forma pauperis and will grant the motion for extension of time. Plaintiff will have until and including May 9, 2024, in which to submit the required account statement. If Plaintiff fails to either submit the account statement or pay the filing fee in full by that date, this matter may be dismissed without prejudice and without further notice to Plaintiff for failure to comply with a court order.

**IT IS THEREFORE ORDERED BY THE COURT** that the motion for extension of time (Doc. 10) is **granted.** Plaintiff has until and including May 9, 2024 to submit the institutional account statement required to support his motion for leave to proceed in forma pauperis. The Court will defer ruling on the pending motions for leave to proceed in forma pauperis until it receives the account statement from Plaintiff. Plaintiff need not file any additional motions for leave to proceed in forma pauperis.

**IT IS FURTHER ORDERED** that Plaintiff is granted to and including May 9, 2024, in which to submit a second amended complaint that cures the deficiencies discussed in this order. If Plaintiff fails to do so in the time allotted, this matter may be dismissed without further prior notice to Plaintiff. The Clerk is directed to send § 1983 forms and instructions to Plaintiff.


**IT IS SO ORDERED**.

**Dated April 2, 2024, in Kansas City, Kansas.**

**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
